# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 WELFARE FUND, BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 SCHOLARSHIP FUND; BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 APPRENTICESHIP FUND, BOARD OF TRUSTEES, PIPEFITTERS LOCAL UNION NO. 74 EDUCATIONAL/PAC FUND, AND LOCAL UNION #74 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA<br><br>Plaintiffs,<br>v.<br><br>MEP NATIONWIDE, LLC.<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(c); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. The Plaintiffs have standing to bring this action pursuant to 29 U.S.C. §§ 185(b) and 1132(d).

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

**VENUE**

4. Venue lies in the District of Delaware under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

**PARTIES**

5. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Pension Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Pension Fund ("Pension Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) which is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3), which is administered and has its principal place of business in this district at 501 Carr Road, Suite 220, Wilmington, DE 19809-2800. Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a)(2), 1002(16), (21). The Pension Fund is referenced as "Pension Fund" in the Labor Agreement relating to this complaint.

6. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Annuity Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2) and (3), which is administered and has its principal place of business in this district at the address in Paragraph 5 of this Complaint. The Annuity

Fund is referenced as "Annuity Fund" in the Labor Agreements relating to this complaint.

7. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Welfare Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Welfare Fund ("Welfare Fund"), a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3), which is administered and has its principal place of business in this district at the address in Paragraph 5 of this Complaint.  The Welfare Fund is also known as and referenced as "Health and Welfare Fund" in the Labor Agreements relating to this complaint.

8. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Scholarship Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Scholarship Fund ("Scholarship Fund"), a trust fund established under 29 U.S.C. § 186(c)(7) for the purpose of awarding scholarships to the children of Union members, and an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), and (3) which is administered and has its principal place of business in this district at the address in Paragraph 5 of this Complaint.  The Scholarship Fund is referenced as "Scholarship Fund" in the Labor Agreements relating to this complaint.

9. Plaintiff, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund is the collective name of the trustees of the Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund ("Apprenticeship Fund" and together with the Pension Fund, Annuity Fund, Welfare Fund and Scholarship Fund, the "Funds") is a trust fund established under 29 U.S.C. § 186(c)(6) and an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), and (3) which is administered and has its principal place of business in this district at the address in Paragraph 5 of this Complaint.   The Apprenticeship

Fund is also known as and referenced as "Apprentice Training Fund" in the Labor Agreements relating to this complaint.

10. The trustees of the Funds are the "named fiduciary," "plan administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each trustee is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee benefit plan," within the meaning of 29 U.S.C. §§1002(37), (1).

11. Plaintiff Pipefitters Local No. 74 Educational/PAC and Building Funds (hereinafter, "PAC"), are unincorporated associations established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by, e.g., lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAC is administered from offices located at the address in the caption.

12. Plaintiff, Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union," and together with PAC and the Funds, "Plaintiffs"), is an unincorporated association commonly referred to as a labor union, and is an employee organization that represents, for purposes of collective bargaining, employees of Defendants, who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), and 185(a). The Union maintains its principal place of business at 201 Executive Court, Newark, Delaware, 19702. The Union is the exclusive bargaining agent and representative of employees of MEP Nationwide, LLC performing the work at issue in this Complaint. The Union has the right to enforce the contractual and other rights of such employees in this action.

13. Defendant MEP Nationwide, LLC ("Company") is a Virginia limited liability company and an employer in an industry affecting commerce within the meaning of 29 U.S.C.

27966308.1

4

§§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at 1320 Central Park Blvd., Suite 200, Fredricksburg, VA 22401.  Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office in this district.

## COMMON FACTS

14. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of one or more collective bargaining agreements (singly or jointly, "Labor Contracts") with the Union.  True and correct copies of the cover pages, tables of contents, contribution provisions and joinder or signature pages of the Labor Contracts are attached as Exhibit 1.

15. The Company also agreed to abide by the terms of the applicable Agreement and Declaration of Trust ("Trust Agreements") and the plan documents for each of the ERISA Funds.  True and correct copies of the relevant portions and signature pages of the Trust Agreements for the Pension Fund, Annuity Fund, Welfare Fund, Scholarship Fund and Apprenticeship Fund are attached as Exhibits 2-6 respectively.

16. Under the Labor Contract, Trust Agreements, and other plan documents and policies of the Funds, the Company agreed:

    (a) To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents.  *See* Ex. 1, Art. VIII §§ 4-12; Ex. 2, Art. IV, § 4.01; Ex. 3, Art. IV, § 4.2; and Ex. 4, Art. IV, § 4.01.

(b)     To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract.  *See* Ex. 1, Art. VIII, § 12; Ex. 2, Art. IV, § 4.01; Ex. 3, Art. IV, § 4.3; and Ex. 4, Art. IV, § 4.01.

(c)     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan.  *See* Ex. 2, Art. VII, § 7.03; Ex. 3, Art. VII, § 7.25; and Ex. 4, Art. VII, § 7.03.

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c).  *See* Ex. 1, Art. VIII, § 12; Ex. 2, Art. VII, § 7.01-7.02; Ex. 3, Art. VII, § 7.29; and Ex. 4, Art. VII, § 7.01-7.02.

(e)     To withhold Union dues and PAC contributions from the net hourly wages of employees on a timely basis and pay over the same to Union.  *See* Ex. 1, Art. VIII, §§ 10 and 12.

17.     Defendant has failed, refused or neglected to submit monthly remittance reports for certain months during the period April, 2020 through November, 2020.

18.     Plaintiffs' review of paystub reporting submitted to it revealed delinquent contributions owed to the Funds for the period April, 2020 through November, 2020.

19.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### FUNDS
### v.
### COMPANY

20. The allegations of Paragraph 1 through 19 are incorporated by reference as if fully restated.

21. Based on information currently available to the Funds, Company has failed to pay amounts due under the Labor Contract, Trust Agreements and plan documents for the Funds for the periods April, 2020 through November, 2020 in at least the sum of $39,678.52, plus interest in violation of 29 U.S.C. § 1145.

22. The Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by the Funds' Collection Policy (or, in the alternative, the rate specified at 26 U.S.C. § 6621) from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the Funds, and 29 U.S.C. § 1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

**PLAINTIFFS**
v.
**COMPANY**

23. The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

24. Company has not paid contributions to the Plaintiffs described in Count I as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the Funds

25. Under the Labor Contract, Company is also required to remit dues and PAC contributions and/or other amounts withheld from net hourly wages on a timely basis. Based on information available to the Plaintiffs, Company withheld from net hourly wages and other amounts to the Union but has not paid the withheld dues and PAC contributions to the Union.

26. Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contract, Trust Agreements and plan documents for the Funds for the periods March 2015 through December 2015 and January 2016 through December 2018 in at least the sum of $49,710.35 (contributions of at least $41,425.29 and liquidated damages of at least $8,285.05) plus audit costs, interest and attorney fees and costs.

27. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together

with liquidated damages, interest pursuant to the Funds' Collection Policy, and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

**PLAINTIFFS**
**v.**
**COMPANY**

28.     The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29.     The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

30.     As stated above, Company has failed to file remittance reports for certain months during the Applicable Period.

31.     No audit of the Company's books and records has been performed for the period beginning on April, 2020 through the present.

32.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

33.     Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

34. The Company is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

35. The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

36. The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Company to pay for an audit by a Certified Public Accountant chosen by the Funds, and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**ERISA FUNDS**
**v.**
**COMPANY**

37. The allegations of Paragraphs 1 through 36 are incorporated by reference as if

fully restated.

38. On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

39. The ERISA Funds are adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Funds, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

<u>**COUNT V - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT**</u>

**PLAINTIFFS**
**v.**
**COMPANY**

40. The allegations of Paragraphs 1 through 39 are incorporated by reference as if fully restated.

41. Plaintiffs are damaged as a proximate result of the breach of the Labor Contract

and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – CONVERSION OF AMOUNTS WITHHELD FROM EMPLOYEE PAY FOR CONTRIBUTIONS

### UNION AND PAC
### v.
### COMPANY

43. The allegations in Paragraphs 1 through 42 are incorporated by reference.

44. By withholding monies due to the Union and PAC, Company has tortiously converted property withheld from employee pay and held in trust for the Union and PAC, without lawful justification.

45. Demand has been made on Company for recovery of the property without payment or such demand would be futile.

46. Union and PAC have been damaged by the conversion of assets held for them in trust.

**WHEREFORE**, Union and PAC ask that the Court:

(1) Award damages and make the Union and PAC whole for any losses resulting from the tortious conversion of property, including the fair value of such property, and actual proceeds, product, offspring, rents or profits of such property that at any time came into Defendants' possession, custody or control or was used by them to reduce their liability for other debts.

(2) Restore any profits and the fair value of use or lost opportunity from the use of trust funds; and

(3) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Curtis J, Crowther*
Timothy J. Snyder (Bar No. 2408)
Curtis J. Crowther (Bar No. 3238)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Phone: (302) 571-6755
Fax: (302) 576-3445
tsnyder@ycst.com / ccrowther@ycst.com

*Attorneys for Plaintiffs*

Dated: April 6, 2021