IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOARD OF TRUSTEES, PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION FUND, et al., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 21-503-MN<br>) |
| MEP NATIONWIDE, LLC, | )<br>) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Pending before the Court is a "Motion for Reconsideration and Permission to File Second Amended Proposed Order for Judgment by Default" (the "Motion"), which was filed in this action by Plaintiffs Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Pension Fund; Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Annuity Fund; Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Welfare Fund; Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Scholarship Fund; Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund; Pipefitters Local No. 74 Educational/PAC and Building Funds and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure 55(b)(2) & 59(e).  (D.I. 17)  The Motion was filed on July 29, 2022, (*id*.), and was referred to the Court for resolution on August 2, 2022 by United States District Judge Maryellen Noreika, (D.I. 19).

The Court need not repeat the procedural history relating to this case; a summary thereof can be found in the Court's July 26, 2022 Report and Recommendation (the "July 26 R&R").

(D.I. 16 at 2-3)[1]  In the July 26 R&R, the Court explained how: (1) Plaintiffs had sought a default judgment against Defendant MEP Nationwide, LLC ("Defendant"); and (2) at various points thereafter, upon realizing that they had not provided the Court with all of the information it would need to grant the type of default judgment they were seeking, Plaintiffs further augmented the record. (*Id.*)  Eventually, the Court issued the July 26 R&R, in which it recommended that the District Court grant-in-part and deny-in-part Plaintiffs' request for a default judgment. (D.I. 16)  Among other things (and particularly relevant here), in the July 26 R&R the Court: (1) recommended that the District Court include $16,170.75 in attorneys' fees and costs in a final judgment (which related to Plaintiffs' outside counsel's and its Delaware counsel's fees and costs for the time period from January 6, 2021 through December 14, 2021), as Plaintiffs had provided a sufficient record in support thereof; and (2) was not able to recommend that the default judgment include an additional $19,801.18 in attorneys' fees and costs sought by Plaintiffs, because Plaintiffs had provided no record information to support such a request. (*Id*. at 15-16)  The District Court adopted the July 26 R&R on August 12, 2022, (D.I. 21), but it delayed entry of a final judgment in light of the pendency of the instant Motion, (*id*.; D.I. 22).

Now, via the instant Motion, Plaintiffs seek entry of a further revised judgment.  More specifically, Plaintiffs ask that such a revised judgment also include an additional $14,955.34 in

---

[1]  The Court also incorporates by reference the standard of review regarding motions such as this, which was set out in the July 26 R&R and will be followed here. (D.I. 16 at 3-4)

attorneys' fees and costs, over and above what the Court recommended in the July 26 R&R.[2] (D.I. 17, ex. A at ¶ 2;[3] *id.*, ex. C at ¶ 2)  The Court recommends that the Motion be GRANTED. These newly-sought attorneys' fees and costs relate to work performed by Plaintiffs' outside counsel and its Delaware counsel from December 9, 2021 through July 19, 2022. (D.I. 17 at ¶ 7; *id.*, exs. A-D)  In order to demonstrate the reasonableness of those requested fees and costs, Plaintiffs provided: (1) a list showing all relevant work performed by Plaintiffs' outside and Delaware counsel, along with related charges, for this time period; and (2) declarations from outside and Delaware counsel setting out facts regarding the relevant experience of billing counsel and the reasonableness of their rates. (*Id.*, exs. A-D)  The Court has carefully reviewed these documents, and finds the requested amounts (which are for far less than the amount of other damages sought) to be both reasonable and tied to the work performed in this case. *See United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Ctr.*, 501 F.3d 283, 290-91 (3d Cir. 2007); *Finkel v. INS Elec. Servs. Inc.*, No. 06-CV-4862- (SLT)(MDG), 2008 WL 941482, at *11 (E.D.N.Y. Apr. 4, 2008).  The Court has also confirmed that the monies sought are not duplicative of any of the attorneys' fees or costs that the Court recommended be a part of the judgment in its July 26 R&R.[4]

---

[2]  To the extent that the Motion also sought the Court's reconsideration of its July 26 R&R, the Court has DENIED that request, for reasons it explained in an August 2, 2022 order. (D.I. 20)

[3]  There are two "Exhibit As" attached to the Motion. (D.I. 17)  The first is the new proposed judgment, which the Court will cite to herein as the "Judgment."  The second is a declaration prepared by Plaintiffs' outside counsel, which the Court will cite to as "ex. A."

[4]  Unless the Court is missing something, however, the new proposed judgment appears to contain some mistakes.  For example, it twice states that the total, combined amount of attorneys' fees and costs sought so far in this case is $35,971.93. (D.I. 17 at Judgment at ¶¶ 2, 5)  But the amount of attorneys' fees and costs that the Court recommended be adopted in the July 26 R&R ($16,170.75) plus the new amount of attorneys' fees and costs sought and

For all of the above reasons, the Court recommends that the District Court GRANT the Motion pursuant to Rule 55(b)(2) in the manner set out in this Report and Recommendation.

Plaintiffs shall serve a copy of this Report and Recommendation on Defendant in the same manner that Plaintiffs served the Defendant with the Complaint, and shall file proof of such service with the Court.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within five (5) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  See *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  August 26, 2022

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

recommended here ($14,955.34) equals $31,126.09, not $35,971.93.  Additionally, although the new proposed judgment states that the relevant time period in which fees and costs were incurred is December 8, 2021 through July 19, 2022, (D.I. 17 at Judgment at ¶¶ 3(d), 5(d)), the correct time period to be referenced in a final judgment would be from January 6, 2021 through July 19, 2022.