IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 PENSION FUND, et al., | : <br> : <br> : |
| Plaintiffs, | : Civ. Action No 1:21-cv-0503 (MN) |
| | : |
| v. | : <br> : |
| MEP NATIONWIDE, LLC., | : <br> : |
| Defendant. | : |

## JUDGMENT BY DEFAULT PURSUANT TO FED. R. CIV. P. 55(b)

Upon consideration of the Complaint and Motion for Judgment by Default of the Plaintiffs, Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Pension Fund ("Pension Fund"); Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Annuity Fund ("Annuity Fund"); Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Welfare Fund ("Welfare Fund"); Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Scholarship Fund ("Scholarship Fund"); Board of Trustees, Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund ("Apprenticeship Fund" and together with the Pension Fund, Annuity Fund, Welfare Fund and Scholarship Fund, the "ERISA Funds"); Pipefitters Local No. 74 Educational/PAC and Building Funds (hereinafter, "PAC", and together with the ERISA Funds, the "Funds"); and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union," and together with the Funds, "Plaintiffs"), pursuant to Fed. R. Civ. P. 55(b)(2) to enter default judgment in favor of Plaintiffs, and Defendant, MEP Nationwide, LLC ("Defendant" or "Company"), having inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default of the Defendant having been entered, and upon consideration of the

Report and Recommendation of the Magistrate Judge (D.I. 16), as amended (D.I. 23), it is **ORDERED**:

    1.    Judgment by default in the total amount of $92,466.25 is entered in favor of the Plaintiffs, consisting of sum certain amounts described in paragraphs 2 through 5 below.

    2.    The identified principal contribution amounts and other amounts due to Plaintiffs under the collective bargaining agreement and 29 U.S.C. § 185 are as follows:

| Fund | Contributions | Interest | Liquidated Damages | TOTAL |
|---|---|---|---|---|
| **Pension Fund** | $16,655.43 | $5,317.59 | $3,331.08 | $25,304.10 |
| **Annuity Plan** | $5,838.30 | $1,865.26 | $1,164.52 | $8,868.08 |
| **Welfare Fund** | $15,248.23 | $4,871.16 | $3,052.80 | $23,172.19 |
| **Scholarship Fund** | $116.76 | $37.26 | $23.36 | $177.38 |
| **Apprenticeship Fund** | $1,070.36 | | $107.03 | $1,177.39 |
| **Education Fund** | $24.34 | | $2.43 | $26.77 |
| **PAC Fund** | $82.72 | | $8.27 | $90.99 |
| **Building Fund** | $532.50 | | $53.25 | $585.75 |
| **Indus. Advancement** | $97.31 | | $9.73 | $107.04 |
| **Dues** | $1,664.06 | | $166.41 | $1,830.47 |
| **Attorney Fees** | | | | $31,126.09 |
| **Totals** | $41,330.01 | $12,091.27 | $7,918.88 | $92,466.25 |

    3.    The sum certain judgment amount is the sum of the following amounts:

    (a)    Unpaid contributions under the collective bargaining agreement for the period April, 2020 through November, 2020, as set forth in paragraph 2.

    (b)    Interest through June 30, 2022, calculated in accordance with 26 U.S.C. § 6621 from the date the contributions became due.

    (c)    Liquidated damages as provided by the collective bargaining agreement and incorporated plan rules.

    (d)    Legal fees and costs incurred in connection with the prosecution of this matter from January 6, 2021 through July 19, 2022, in accordance with the collective bargaining agreement.

   (e) Post–judgment interest will continue to accrue at the rate prescribed by 26 U.S.C. § 6621 on the contract claim and judgment.

  4. Plaintiffs are awarded reimbursement of all additional reasonable attorneys' fees and costs they incur in the collection and enforcement of this Order and Judgment in accordance with 29 U.S.C. § 1132(g)(2)(D). The amount of fees and costs that are in addition to those set out in paragraph 3(e) above may be determined by any court with jurisdiction of collection proceedings without reference back to this Court.

  5. The Pension Fund, Annuity Plan, Welfare Fund, Scholarship Fund and Apprenticeship Fund are also entitled to relief under 29 U.S.C. §§ 1145 and 1132(g) in the following sum certain amounts for contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs.[1]

| Fund | Contributions | Interest | Liquidated Damages | TOTAL |
|---|---|---|---|---|
| **Pension Fund** | $16,655.43 | $5,317.59 | $3,331.08 | $25,304.10 |
| **Annuity Plan** | $5,838.30 | $1,865.26 | $1,164.52 | $8,868.08 |
| **Welfare Fund** | $15,248.23 | $4,871.16 | $3,052.80 | $23,172.19 |
| **Scholarship Fund** | $116.76 | $37.26 | $23.36 | $177.38 |
| **Apprenticeship Fund** | $1,070.36 | | $107.03 | $1,177.39 |
| **Attorney Fees** | | | | $31,126.09 |
| **Total** | $38,929.08 | $12,091.27 | $7,678.79 | $89,825.23 |

  (a) The contributions relate to the period April, 2020 through November, 2020.

  (b) Interest is calculated through June 30, 2022, at the plan rate, which matches the contract rate set forth above.

  (c) Liquidated damages represent 20% of all late paid or delinquent contributions owed for the period April, 2020 through November, 2020, except for the Apprenticeship Fund

---

[1] In its Report and Recommendation, the Magistrate Judge noted that the damages sought under ERISA were less than and subsumed within the amount sought under 29 U. S.C. § 185 and did not separately address the damages sought under ERISA. Report and Recommendation at 6, n.6 (D.I. 16).

which has a liquidated damages rate of 10%.

(d) Legal fees and costs are from January 6, 2021 through July 19, 2022.

(e) The ERISA claim judgment amount may be less than the amounts due under the collective bargaining agreement, but may be enforced and collected along with attorney fees and costs of collection, without duplication of recovery, in the event of any error or defect in the judgment entered in paragraphs 2 to 5.

(f) Post-judgment interest on the ERISA claim is limited to the amounts provided by 28 U.S.C. § 1961.

6. Because of Defendant's persistent failure to meet their reporting and payment obligations to the Plaintiffs under the terms of the collective bargaining agreement, the Plaintiffs' Agreements and Declarations of Trust, and 29 U.S.C. § 1145, Defendant, its officers, agents, servants, employees, attorneys, and all persons acting on its behalf or in conjunction with it shall be and hereby are restrained and enjoined to submit to an audit of its wage, payroll, and personnel records for all periods for which Defendant is obligated to contribute to the Plaintiffs within twenty (20) days of a demand by Plaintiffs.

7. Within a reasonable time after completion of the inspection of the payroll books and records, Plaintiffs will file with the Court and serve upon Defendant an itemized and verified list of all delinquent contributions, liquidated damages, interest, attorneys' fees and costs, and expenses, including the cost of the audit. Absent objection, within five (5) business days of service upon Defendant, the Court will enter a supplemental judgment in favor of Plaintiffs and against Defendant, as requested in the filed statement for sums identified in the audit as due and owing, and for which no prior payment has been received. In the event of an objection, the Court will determine the need for a further hearing.

8. This Judgment by Default is enforceable by the Plaintiffs individually, singly or jointly, or by their agent. Any Plaintiff may collect the full amount of attorney fees and costs, except that there shall be no duplication of recovery and the collecting Plaintiff shall instead be obligated to reimburse the other Plaintiffs without duplicate charges to Defendant.

BY THE COURT:

Date: October 11, 2022

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

Copies of this Default Judgment shall be sent to:

Via Electronic Mail:
Timothy Snyder , Esquire
Young, Conaway, Stargatt & Taylor, LLP
Rodney Square
1000 No. King Street
Wilmington, DE 19801

Via Electronic Mail:
Michael DelTergo, Esquire
Jennings Sigmond, P.C.
1835 Market St., Suite 2800
Philadelphia, PA 10103

Via First Class Mail:
MEP Nationwide, LLC
c/o Northwest Registered Agent, LLC
4445 Corporation Lane
Suite 264
Virginia Beach, VA 23462